UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Reliant Life Sciences, LLC<br><br>  Plaintiff<br>v.<br><br>AGC Biologics and<br>  Daigle Computer Systems, Inc.<br><br>  Defendants | No. 1:22-cv-00137-SE |

## MOTION FOR DEFAULT JUDGMENT
## PURSUANT TO FED. R. CIV P. 55(b)(1)

*To the Clerk of Court of the United States District Court for the District of New Hampshire:*

Plaintiff, Reliant Life Sciences, LLC ("Reliant"), by and through its counsel, Sheehan Phinney Bass & Green, P.A., requests that the Clerk enter a default judgment against the Defendant, Daigle Computer Systems, Inc. ("Defendant" or "Daigle") under Rule 55(b)(1) of the Federal Rules of Civil Procedure. Reliant requests that the judgment be entered for the sum of $89,921.92 as actual damages suffered as a result of Daigle's violation of the New Hampshire Consumer Protection Act, RSA 358-A. These actual damages should be trebled for Daigle's willful or knowing violation of the statute, resulting in an award of $269,765.76. Reliant is also entitled to an award of its attorneys' fees pursuant to RSA 358-A:10. This Court has previously approved attorneys' fees of $4,223.50, for work through November 2022, and an additional $5,838.00 in attorneys' fees have been incurred since, resulting in a total amount of fees to be awarded of $10,061.50. Finally, Reliant should be awarded its costs of suit, $181.30, which this Court has previously approved. The total judgment should bear interest at the judgment rate from date of entry until paid. In support thereof, Reliant states as follows:

1

1. The Clerk of this Court has already entered the default of Daigle on November 7, 2022 as a consequence of its failure timely plead or otherwise respond in this action. (Doc. 18).

2. On November 16, 2022, the undersigned sent Daigle a copy of the Entry of Default by regular mail, UPS and email. A copy of that mailing is attached as Exhibit A.

3. The claim of Reliant is for a sum certain, or a sum that, by computation, can be made certain.

4. In its July 31, 2023 Order, (Doc. 23), the Court directed Reliant to file proof of the actual damages it incurred as a result of Daigle's violation of RSA 358-A. The accompanying Declaration of Reliant's Chief Operating Officer, Mark Casterllarin, demonstrates that the net profits Reliant would have earned if Daigle had not violated the statute total $89,921.92. See Decl. of Mark Castellarin, attached as Exhibit B. This number was calculated based on the gross revenue that would have been received if Daigle completed his assignment and deducting from that expenses that would have been paid such as compensation to Daigle and incentives that would have been paid to employees of Reliant. Reliant hereby requests that the actual damages of $89,921.92 be trebled in light of the established finding that Daigle knowingly and willfully violated RSA 358-A.

5. RSA 358-A:10 creates a private right of action for Reliant to recover its actual damages or $1,000, whichever is greater. But for Daigle's unfair and deceptive conduct, Daigle would have provided services to Reliant's customer, Defendant AGC Biologics ("AGC"). See Compl. at ¶ 22. Daigle signed a contract with Reliant under which Daigle agreed to accept and Reliant agreed to pay $100 for each hour of service Daigle provided to AGC. See Decl. of Mark Castellarin at ¶ 3 and Exhibit 1 thereto. Reliant reached a parallel agreement with AGC in which AGC agreed to pay Reliant $200 for each hour of service rendered by Daigle. See Decl. of Mark

Castellarin at ¶ 4 and Exhibit 2 thereto. After AGC agreed to pay Reliant $200 per hour for Daigle's services, it subsequently changed the terms and paid only $165 per hour. *See* Decl. of Mark Castellarin at ¶ 4. For purposes of determining the actual damages, Reliant has used this lower hourly rate of $165 per hour, even though Reliant maintains that was not the agreement with AGC.[1]

6. Daigle's assignment at AGC was expected to last at least one year. *Id.* at ¶ 6. The assignment could have lasted longer, but the communications between AGC and Reliant centered around one year. Indeed, the Statement of Work Daigle signed as part of his contract with Reliant estimated the project would last from October 4, 2021 to October 4, 2022. *See* Ex. 1 to Decl. of Mark Castellarin. Reliant therefore reasonably expected to receive revenue based on at least one year of Daigle's services at AGC. Although the assignment could have lasted longer, Reliant uses one year as the basis for its calculation of actual damages.

7. In Reliant's business, a typical consultant bills 2,000 hours in a year. Decl. of Mark Casetllarin at ¶ 6. As a result of Daigle's billing 2,000 hours in the expected one year of the assignment, AGC would have paid Reliant $330,000 (2,000 hours x $165 per hour). *Id.* at ¶ 7. This is the gross revenue amount from which Reliant calculates the net profits it lost as a result of Daigle's violation of RSA 358-A.

8. If Daigle had performed services at AGC through Reliant, Reliant would have been obligated to pay Daigle $100 for each hour, based on the contract between the parties. Therefore, as Daigle billed for 2,000 hours during the year of the assignment, Reliant would have paid Daigle $200,000. *Id.* at ¶ 8. This expense would have been the principal reduction from the gross revenue Relaint would have received, resulting in a profit of $130,000 for Reliant.

---

[1] For an initial two-week period, AGC paid Reliant for Daigle's services at a rate of $165 per hour. *See* Decl. of Mark Castellarin at ¶ 5.

9. But, Reliant would have incurred additional expenses if Daigle completed his assignment, and Reliant deducts those here as well as part of its presentation of actual damages. It was anticipated that Daigle would have travelled to AGC's facility once a month during the assignment. *Id.* at ¶ 9. Daigle travelled to AGC out the outset of the planned assignment and incurred $2,200 in expenses during that trip. Assuming 12 additional, similar trips, Reliant would have incurred $26,400 in expenses that would have reduced its net profit ($2,200 x 12). *Id.*

10. Reliant also would have paid financial incentives to its employees who played a role in securing Daigle's assignment at AGC. The total, combined incentive payment to these employees would have been $13,678.08, based on the formula Reliant uses to calculate such incentives as applied to the expected gross revenue for Daigle's assignment. *Id.* at ¶ 10. Reliant therefore deducts from its gross profit these additional expenses to arrive at the net profit it would have earned if Daigle had completed his assignment.

11. Therefore, the net profits Reliant would have received, but for Daigle's unfair and deceptive conduct are as follows:

|  |  |
|---|---|
| $330,000.00 | Gross Revenue from AGC (2,000 hours x $165 per hour) |
| - $200,000.00 | Compensation to Daigle (2,000 hours x $100 per hour) |
| - $26,400.00 | Travel expenses reimbursed to Daigle |
| - $13,678.08 | Incentive payments paid to Reliant employees |
| **$89,921.92** | **Lost net profit** |

12. Reliant undoubtedly suffered other damages as a result of Daigle's unfair and deceptive conduct. For one thing, Reliant's relationship with AGC soured because of Daigle's action, so Reliant has lost out on an unknown future placement business with AGC. Reliant does not seek an award here that compensates it for this lost future work.

13. Daigle Computer Services, Inc. is a corporation and is not a minor or an incompetent person.

14. The amount of the judgment entered, as indicated in the Affidavit in support of this motion, is justly due and owing, and the costs sought to be taxed have been or will necessarily be incurred in the action. The Affidavit in support of this motion as to the attorneys' fees and costs is attached as <u>Exhibit C.</u>

15. Also attached to this motion as <u>Exhibit D</u> is an Affidavit that complies with the requirements of the Servicemembers Civil Relief Act (50 U.S.C. §3901 et seq.) which shows that Daigle Computer Services, Inc. is a corporation and is not currently serving in the military. Moreover, in recent months, the undersigned has received emails from Henry Daigle, the principal of Daigle Computer Services, Inc.

WHEREFORE, Plaintiff respectfully requests the Clerk of Court:

A. Enter judgment for Plaintiff and award its damages in the amount of $269,765.76;

B. Award Plaintiff its reasonable attorneys' fees of $10,061.50 ($4,223.50 of which was previously approved) and costs in the amount of $181.30 (which were previously approved); and

C. Grant such other and further relief in favor of Plaintiff as the Court deems necessary and just.

Respectfully submitted,

RELIANT LIFE SCIENCES, LLC

By Its Attorneys,

SHEEHAN PHINNEY BASS & GREEN, P.A.

Dated: August 11, 2023

By: <u>/s/ James P. Harris</u>
James P. Harris, Esq (#15336)
Jennifer P. Lyon (#274086)
1000 Elm Street, 17th Floor

Manchester, NH 03110
(603) 627-8152, (603) 627-8394
jharris@sheehan.com, jlyon@sheehan.com

## **CERTIFICATION**

In accordance with L.R. 55.1 (a), I certify that Notice of the Entry of Default was sent to Defendant's last known address via email, UPS, and first-class mail on August __, 2023. Further, a copy of this motion and its supporting documents were sent via email and UPS to Daigle.

    _/s/ James P. Harris_
    James P. Harris (#15336)